UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF ATLANTA, et al. | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs move this Court for entry of a preliminary injunction against Defendants based on the following:

1. Plaintiffs incorporate their Verified Complaint, all attachments thereto, and their Brief in Support of this Motion.

2. Plaintiffs live in unincorporated DeKalb County, near where the City of Atlanta has decided to build a new Public Safety Training Center ("Training Center"), known to many as "Cop City."

3. On June 7, 2023, a coalition of individuals and organizations ("Cop City Vote coalition") filed a referendum petition with the City of Atlanta Municipal Clerk to repeal the ordinance that authorized the lease of city property in

unincorporated DeKalb County to the Atlanta Police Foundation to build the Training Center.

4. The referendum process is governed by the City of Atlanta Municipal Code § 66-37 and O.C.G.A. § 36-35-3(b)(2).

5. On June 14, 2023, the Municipal Clerk denied the first petition because the proposed petition language did not include language for the person circulating petitions to provide their contact information or swear that they are a current resident of the City of Atlanta.

6. On June 21, 2023, the Municipal Clerk approved and delivered the official copies of the referendum petition to the Cop City Vote coalition. The official petition language requires circulators to attest that they are a resident of the City of Atlanta.

7. After approving the referendum petition, the 60-day period to collect signatures began. O.C.G.A. § 36-35-3(b)(2)(C)

8. Plaintiffs desire to collect signatures for the referendum petition, but the City of Atlanta Municipal Code § 66-37(b) and O.C.G.A. § 36-35-3(b)(2)(C) bar them from collecting signatures because Plaintiffs are not City of Atlanta residents.

9. The residency restriction for people collecting signatures is an unconstitutional restriction on Plaintiffs' First Amendment rights.

10. The circulation of petitions and petitioning the government for redress of grievances is core political speech because it involves both the expression of a desire for political change and a discussion of the merits of the proposed change.

11. The severe restriction on non-residents' speech and petition rights must be narrowly drawn to advance a compelling governmental interest.

12. The residency restriction of Atlanta Municipal Code § 66-37(b) markedly reduces the pool of people who can circulate petitions.

13. Plaintiffs and others desiring to circulate petitions will be irreparably harmed if they are not able to engage in this expressive conduct before the period for collecting signatures ends.

14. The restriction barring non-residents from collecting signatures is not narrowly tailored to advance any interest of the City of Atlanta.

15. To immediately address the harm caused by this unconstitutional process, Plaintiffs seek three forms of preliminary injunctive relief.

16. First, Plaintiffs ask that this Court enter an order prohibiting Defendants from enforcing the residency restrictions in Atlanta Municipal Code § 66-37 and O.C.G.A. § 36-35-3(b)(2).

17.     Second, Plaintiffs ask that this Court require the Atlanta Municipal Clerk to issue official copies of the referendum petition that removes any residency restriction for people circulating the petition.

18.     Third, Plaintiff request that this Court enter an order that restarts the statutory period in which to gather signatures and orders defendants to count all existing properly collected signatures in the total of signatures collected.

19.     Plaintiffs meet the requirements for preliminary injunctive relief. In the attached brief and the accompanying evidentiary materials, Plaintiffs demonstrate (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury if the preliminary injunction is not granted; (3) irreparable injury that outweighs the harm the preliminary injunction will cause to the Defendants; and (4) the preliminary injunction is in the public interest.

20.     Plaintiffs request this Court waive any security contemplated under Fed. R. Civ. P. 65(c).

WHEREFORE, Plaintiffs request that this Court grant their motion for injunctive relief.

Submitted on June 6, 2023.

| | |
|---|---|
| SPEARS & FILIPOVITS, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>404-905-2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law<br>bspears@civil-rights.law | **Brian Spears**<br>Georgia Bar No. 670112<br><br>**Jeff Filipovits**<br>Georgia Bar No. 825553<br><br>**Wingo F. Smith**<br>Georgia Bar No. 147896 |
| Law Offices of Gerry Weber, LLC<br>Post Office Box 5391<br>Atlanta, Georgia 31107<br>404-522-0507<br>wgerryweber@gmail.com | **Gerald Weber**<br>Georgia Bar No. 744878 |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

**Jeff Filipovits**
Georgia Bar No. 825553
SPEARS & FILIPOVITS, LLC
