IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA BAKER, JACQUELINE
DOUGHERTY, KEYANNA JONES,
and AMELIA WELTNER,

    Plaintiffs,

v.

CITY OF ATLANTA,
STATE OF GEORGIA,

    Defendants.

CIVIL ACTION FILE

NO. 1:23-CV-2999-MHC

## ORDER

Plaintiffs, residents of unincorporated DeKalb County, Georgia, want to sponsor a petition to repeal the City of Atlanta ordinance which authorizes the lease of property in unincorporated DeKalb County for the construction of a public safety training center. Compl. [Doc. 1] ¶¶ 1, 7-8, 18-36. On July 6, 2023, they filed a Verified Complaint alleging that Atlanta Municipal Code § 66-37(b) violates their First Amendment rights to speech and to petition their government by requiring the sponsors of such a petition to be residents of the City of Atlanta. Id. ¶¶ 55-63. That ordinance provides, in pertinent part, as follows:

> The sponsor of a petition authorized by this section shall obtain copies of all official petitions from the municipal clerk. The municipal clerk shall approve all petitions as to form. The municipal clerk shall provide a place on each form for the person collecting signatures to provide such person's name, street address, city, county, state, ZIP code and telephone number and to swear that such person is a resident of the city and that the signatures were collected inside the boundaries of the city.

Atlanta, Ga. Code of Ordinances § 66-37(b).[1] Plaintiffs seek, in part, a declaration that the municipal code section violates the First Amendment and a preliminary and permanent injunction against its enforcement. Compl. at 14.

In conjunction with the filing of the Verified Complaint, Plaintiffs also filed a Motion for Preliminary Injunction ("Pls.' Mot.") [Doc. 2], which asks the Court to prohibit Defendants from enforcing the residency restriction in Atlanta Municipal Code § 66-37(b), to require the issuance of a referendum petition that removes any residency requirements for circulators of the petition, and to order the restart of the statutory period in which to gather signatures. Pl.'s Mot. at 3-4.

In order to expedite the consideration of Plaintiffs' Motion for Preliminary Injunction, it is hereby **ORDERED** as follows:

---

[1] Atlanta Municipal Code § 66-37(b) is patterned after the relevant provision in the State of Georgia's Municipal Home Rule Act of 1965, namely, O.C.G.A. § 36-35-3(b)(2).

2

(1)    Plaintiffs shall cause service of the Complaint, the Motion for Preliminary Injunction, and this Court's Order to be made on Defendants and file proof of such service, or provide proof of the waiver of such service by Defendants' counsel, as soon as possible.

(2)    Defendants shall file a brief in response to Plaintiffs' Motion for Preliminary Injunction no later than seven (7) days after service is perfected or waived.

(3)    Plaintiffs shall file a reply to Defendants' response brief no later than seven (7) days after the filing of the response brief.

**IT IS SO ORDERED** this 6th day of July, 2023.

 

 

MARK H. COHEN
United States District Judge