**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LISA BAKER, JACQUELINE DOUGHTERY, KENYANNA JONES, and AMELIA WELTNER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ATLANTA and STATE OF GEORGIA <br><br> Defendants. | Case No. 1:23-cv-2999-MHC |

**DEFENDANT CITY OF ATLANTA'S SUR-REPLY**
**TO MOTION FOR PRELIMINARY INJUNCTION**

Robert L. Ashe
Ga. Bar No. 208077
ashe@bmelaw.com
Jane "Danny" Vincent
Ga. Bar No. 380850
vincent@bmelaw.com
Matthew R. Sellers
Ga. Bar. No. 691202
sellers@bmelaw.com

BONDURANT MIXSON & ELMORE LLP
1201 W. Peachtree St. NE, Suite 3900
Atlanta, GA 30309
404-881-4100

*Attorneys for Defendant City of Atlanta*

Plaintiffs raised two new, and incorrect, arguments in their reply brief that the City requests permission to respond to.

## I.   Referendum Validity

The City is not asking this Court to strike the referendum or reach the merits of its validity under *Kemp v. Claxton* or the Impairments Clause. The ultimate validity of the referendum is not before the Court in this case. However, the fact that the referendum is invalid, and therefore cannot be placed on the ballot, is a factor this Court should consider when weighing the equities and irreparable harm of the preliminary injunction motion.[1]

## II.   Petition Attestation Language

Plaintiffs now claim it is the attestation language in the circulating petition that is problematic, because it requires not just residency and participation, but voter registration and personal collection.[2] According to Plaintiffs:

---

[1] Plaintiffs also argue the City "already had a chance" to contest the validity of the petition when the petition sponsors filed a writ of mandamus in Superior Court to compel the municipal clerk to issue official copies of the petition. Dkt. 21, Pls.' Reply Br. at 2. There are two flaws with this argument. First, as a threshold matter, the City was never served with the writ of mandamus. Second, as she repeatedly informed the petition sponsors, the municipal clerk approves petitions only as to form, not validity. *See, e.g.*, Exhibit A at 1; *see also* O.C.G.A. § 36-35-3(b)(2)(C) ("The clerk…shall approve all petitions as to form.").

[2] Plaintiffs' complaint does not mention the language in the circulating petition—it only seeks declaratory and injunctive relief as to the residency requirement in Atlanta Municipal Code § 66-37 and O.C.G.A. § 36-35-3. *See, e.g.,* Dkt. 1,

- "[The] official petition form requires a circulator to attest 'I have collected,' which is vastly different than the City's new-found standard, 'I have participated in the collection process in a way that enables me to make this attestation.'"[3]

- "Although neither the statute nor ordinance requires that circulators be registered voters, the City's official petition form still imposes that requirement."[4]

Plaintiffs are correct, the language in the petition is narrower than what the statute and ordinance require: which is that ***a resident*** swear that "the signatures ***were collected*** inside the boundaries of the city,"[5] but their argument is disingenuous because the registered voter and "I have collected" language were included by the petition sponsors and not by the City.

Notably, Wingo Smith—who is also counsel for Plaintiffs in this case—took the lead in getting the petition approved by the Municipal Clerk, Ms. Waldon:[6]

---

Complaint at Request for Relief (b) and (c).

[3] Dkt. 21, Pls' Response Br. at 5.

[4] *Id.* at 7, n.6.

[5] O.C.G.A. §36-35-3(b)(2)(C); Ordinance § 66-37(bb) (emphasis added).

[6] Exhibit B.

2



Because the initial petition did not include the signature collection attestation, Ms.

Waldon rejected the petition as to form:[7]

| From: | waldon, vanessa |
|---|---|
| Sent: | Wednesday, June 14, 2023 1:29 PM |
| To: | Wingo Smith |
| Cc: | ⬛⬛⬛⬛⬛⬛ Gary Spencer |
| Subject: | RE: Referendum Petition |
| Attachments: | REFERENDUM TO REPEAL TRAINING FACILITY 06.07.2023.pdf |

*Good afternoon Ms. Parker,*

*Pursuant to state law and the City of Atlanta's Code of Ordinances, our office has reviewed the draft petition you submitted on June 7, a copy of which is attached to this email. The draft you provided does not comply with the legal requirement that the petition contain a place on each form for the person collecting signatures to provide his or her name, street address, city, county, state, ZIP code, and telephone number and to swear that he or she is a resident of the City of Atlanta and that the signatures were collected inside the boundaries of the City of Atlanta. Accordingly, the draft petition you have submitted is not approved as to form. You may submit a revised version of your proposed petition for review as to form, should you desire to do so.*

In response, Mr. Smith submitted a second version of the petition:[8]

---

[7] Exhibit C.

[8] Exhibit D.

| | |
|---|---|
| **From:** | Wingo Smith <████████████> |
| **Sent:** | Wednesday, June 14, 2023 5:21 PM |
| **To:** | Waldon, Vanessa |
| **Cc:** | ████████████; Gary Spencer; ████████████ |
| **Subject:** | [EXTERNAL] Re: Referendum Petition |
| **Attachments:** | 2023-06-14 Referendum with Revised Signature.pdf |

Good afternoon, Ms. Waldon.

Thank you for your email earlier this afternoon. The attached supplies a place for the person collecting signatures to attest in addition to signature lines for those signing the petition.

And it is the revised petition attached to Mr. Smith's email that added the narrower attestation language Plaintiffs now complain of:[9]

> **IN WITNESS WHEREOF,** the undersigned swears that on ____ day of _____ 2023, I, a registered elector in the City of Atlanta, Georgia, have collected these signatures for this Petition within the City of Atlanta:
>
> Signature: _____    Printed Name: _____    Phone:_____
>
> Address: _____

At no point did Ms. Waldon—or anyone else at the City—suggest or require the narrower attestation requirements proposed by the petition's sponsors. As the City explained in its response brief, the residency attestation requirement in the state statute and the city ordinance is constitutional. To the extent Plaintiffs now claim that the language used in the petition—submitted by their own counsel—is unconstitutional, that is a problem of their own making and the remedy is to submit

---

[9] *Id.*

a new petition to the municipal clerk, not an injunction against the City.


Respectfully submitted, this 25th day of July, 2023.


/s/ Robert L. Ashe III
Robert L. Ashe III
Georgia Bar No. 208077
ashe@bmelaw.com
Jane "Danny" Vincent
Ga. Bar No. 380850
vincent@bmelaw.com
Matthew R. Sellers
Georgia Bar No. 691202
sellers@bmelaw.com
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 W. Peachtree Street, NW
Atlanta, GA  30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

*Attorneys for the City of Atlanta*

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the Northern District of Georgia, I hereby certify that the foregoing pleading has been prepared in Times New Roman, 14-point font, as permitted by Local Rule 5.1C.

*/s/ Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077

1

## CERTIFICATE OF SERVICE

I hereby certify that, on July 25, 2023, I served a true and correct copy of the within and foregoing **DEFENDANT CITY OF ATLANTA'S SUR-REPLY TO MOTION FOR PRELIMINARY INJUNCTION** by filing it with the Court's electronic filing system, which will serve a copy on all counsel of record.

*/s/ Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077