**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA BAKER, JACQUELINE DOUGHERTY, KEYANNA JONES, and AMELIA WELTNER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No. 1:23-cv-02999-MHC |
| v. | ) ) | |
| CITY OF ATLANTA and STATE OF GEORGIA, | ) ) ) | |
| Defendants. | ) ) | |

**<u>NON-PARTY STATE OF GEORGIA'S AMICUS BRIEF</u>**

The State of Georgia, by and through its counsel, Attorney General Christopher M. Carr, files this amicus curiae brief, to address an incomplete statement of the law contained in plaintiffs' motion to drop the State as a party [doc. no. 22].[1]  Specifically, plaintiffs contend that the "Atlanta referendum process is informed, in part, by Georgia law under O.C.G.A. § 36-35-3(b)(2)."  (Mot. to drop the state at 1.)  But the city's referendum process is not "informed, in part" by Georgia law; instead, the process exists *only* because of Georgia law (i.e., O.C.G.A.

---

[1] The Court correctly dismissed the State from this case.  (Order of July 25, 2023.)

§ 36-35-3.  In other words, the city of Atlanta has no independent authority to allow a referendum process that does not comply with state law.

As set forth more fully in the State's amended response and opposition to the motion for a preliminary injunction [Doc. No. 19], the city of Atlanta "has only such direct power as is granted to it by the State. . . ." *Doraville v. S.R. Co.*, 227 Ga. 504, 510 (1971).  And while the General Assembly has delegated some of its legislative authority to municipalities, including the power to permit ballot referendum initiatives, that delegation in O.C.G.A. § 36-35-3 is narrow and includes a number of restrictions and limitations.  Thus, the city's ballot referendum process is not just "informed" by O.C.G.A. § 36-35-3; the process is entirely subject to and exists only because of that statute—including any controlling court interpretations of that statute like *Kemp v. City of Claxton*, 269 Ga. 173 (1998).[2]

Nothing in the city's charter alters this analysis or provides the city of Atlanta with alternative authority to conduct a referendum process outside the general law contained in O.C.G.A. § 36-35-3.  Contrary to plaintiff's argument, section 2-501 of the city charter, which was adopted through local act of the General Assembly, simply recognizes the delegation of legislative authority and authorizes the city council to "prescribe procedures" to apply to the referendum process.  The city

---

[2] Thus, to the extent plaintiffs contend that dismissing the State somehow avoids the holding in *Kemp* that ballot initiatives under O.C.G.A. § 36-35-3 are limited to amendments to the city charter, they are simply wrong.

council did so by enacting section 66-37 in the Municipal Code, which mirrors—as it must—O.C.G.A. § 36-35-3.

Moreover, under the Georgia Constitution, neither a city ordinance nor a local act can conflict with an existing general law. *See* Ga. Const. art. III, § VI, ¶ IV(a) ("Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case from which provision has been made by an existing general law. . . ."). Even assuming section 2-501 of the city charter purported to authorize a referendum process distinct from O.C.G.A. § 36-35-3, such a process would be unconstitutional because it would conflict with a general law of the State. Thus, the city of Atlanta has no independent authority outside of O.C.G.A. § 36-35-3 to conduct a ballot referendum.

Submitted, this 26th day of July, 2023.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| /s/ Logan B. Winkles<br>LOGAN B. WINKLES<br>Deputy Attorney General | 136906 |
| ALKESH B. PATEL<br>Senior Assistant Attorney General | 583627 |

3

Please direct all
communications to:

Logan B. Winkles
Deputy Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
T: (404) 458-3236
lwinkles@law.ga.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in compliance with this Court's Local Rule 5.1(B).  This document has been prepared in Times New Roman 14-point font.

This 26th day of July, 2023.

/s/ Logan B. Winkles
Logan B. Winkles
Georgia Bar Number 136906

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of July, 2023, served the foregoing

STATE OF GEORGIA'S AMICUS BRIEF by filing on the Court's CM/ECF system

which will provide electronic service on all counsel of record.

This 26th day of July, 2023.

/s/ Logan B. Winkles
Logan B. Winkles
Georgia Bar Number 136906