**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA BAKER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: |
| | ) | |
| v. | ) | 1:23-cv-2999-MHC |
| | ) | |
| CITY OF ATLANTA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**RESPONSE IN OPPOSITION TO DEFENDANT'S**</u>
<u>**MOTION TO STAY**</u>

The City's motion fails to address the standard for granting a stay of an

injunction. Instead, it argues that this Court's power to redress a constitutional

violation is limited by state law, and that the process of issuing new petition forms

and extending the petition deadline is too confusing. The remainder of the City's

motion to stay resembles a motion for reconsideration of this Court's order finding

that Plaintiffs suffered an irreparable injury. None of these arguments meet the

onerous standard for granting a stay and the City's motion should be denied.

## I.    ARGUMENT AND CITATION OF AUTHORITY

A stay of an injunction pending appeal constitutes "extraordinary relief" that

carries with it a "heavy burden." *See Winston-Salem/Forsyth Cnty. Brd. of Educ. v.*

*Scott*, 404 U.S. 1221, 1231 (1971). A movant must show that: (1) the movant is

likely to prevail on the merits on appeal; (2) absent a stay the movant will suffer irreparable damage; (3) the adverse party will suffer no substantial harm from the issuance of the stay; and (4) the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

The first two factors "are the most critical," and the City must "must show more than the mere possibility of success on the merits or of irreparable injury." *Democratic Executive Comm. of Florida v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019). "Normally, a failure to satisfy the first factor in a motion for stay pending appeal dooms the motion." *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1338 (S.D. Fla. 2020). The City has not argued that it is likely to prevail on appeal or that it will suffer irreparable injury without a stay. That failure alone is sufficient reason to deny the stay.

### a.    The City waived any arguments concerning the scope of preliminary injunction

The City's motion to stay is the first time it has objected to the scope of the injunction sought by Plaintiffs. Plaintiffs' complaint and preliminary injunction motion precisely stated the relief they sought from the Court. *See* Doc. 2 ¶¶ 16–18. The City responded to that motion by arguing that its ordinance did not violate the First Amendment, that there was no irreparable injury, and that the residency requirement was not severable. It chose to ignore the scope of relief requested,

including the extension of the signature collection deadline. It is too late to object to that relief now. *See, e.g.*, *Verlo v. Martinez*, 820 F.3d 1113, 1128–29 (10th Cir. 2016) ("Because the Judicial District either made a strategic decision to forgo any argument that the Restricted Areas are nonpublic fora, or inadequately presented that argument to the district court, we conclude the argument is waived."); *Lite-Netics, LLC v. Nu Tsai Capital LLC*, 8:22CV314, 2022 WL 18106436 (D. Neb. Nov. 10, 2022) (finding an argument concerning the bond required in a preliminary injunction order had been waived when raised for the first time in a motion to stay).

### b.    This Court's power to redress a violation of the First Amendment is not constrained by Georgia law

The City argues that "there is no authority for this [Court's injunctive relief] in either the state statute or the city ordinance" and "[t]he state statute does not contemplate cities revising petitions mid-process." *See* Doc. 29 at 1–2. This, the City worries, will expose it to unspecified "legal action by the State." *Id.*

But "the ability of a federal court to fashion effective relief for a violation of federal law is not limited by what state law permits." *Smith v. Comm'r AL Dept. of Corr.*, 2021 WL 4817748, at *4 (11th Cir. Oct. 15, 2021). Over two hundred years ago, the Supreme Court explained that under the Supremacy Clause, "the states are prohibited from passing any acts which shall be repugnant to a law of the United

States." *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 361, 4 L.Ed. 579 (1819). This means that the existence of a state statute does not answer the federal constitutional question, nor does it limit the power of a federal court to redress an ongoing violation.[1] "[I]t is hornbook federal law that the authority of a 'federal court to fashion effective relief for a violation of federal law is not limited by what state law permits.'" *Reeves v. Comm'r, Alabama Dep't of Corr.*, 23 F.4th 1308, 1319 (11th Cir.) (quoting *Smith*, 2021 WL 4817748 at *4), *application granted sub nom. Hamm v. Reeves*, 142 S. Ct. 743 (2022). "Nothing that the state can do will be allowed to destroy the federal right which is to be vindicated . . . Nor are the federal courts restricted to the remedies available in state courts in enforcing such federal rights." *Bd. of Comm'rs of Jackson Cnty. v. United States*, 308 U.S. 343, 350 (1939).

State law cannot supersede the federal constitution nor this Court's constitutional authority to enforce the United States Constitution.

---

[1] For example, the Eleventh Circuit has held that local governments can be held liable for money damages arising from enforcing an unconstitutional statute. *See Barnett v. MacArthur*, 956 F.3d 1291, 1298 (11th Cir. 2020) (holding that a sheriff could be held liable for enforcing an unconstitutional policy even if that policy was consistent with, or mandated by, a state statute). *See also Cooper v. Dillon*, 403 F.3d 1208, 1222–23 (11th Cir. 2005) (holding that a city could be liable for enforcing an unconstitutional policy, even though the policy was consistent with a Florida statute, because the statute itself was unconstitutional).

### c.    The City's confusion is not an irreparable harm

The City argues that the injunction will create too much confusion if the City succeeds on appeal. The injunction placed a minimal burden on the City, and the City issued an amended referendum petition immediately following this Court's order. *See* Exhibit 1. Once the referendum signatures are turned in, the City will follow the normal procedures in verifying that the signatures collected are qualified voters. *See* Doc. 1-1, City of Atlanta Municipal Code § 66-37(a); Doc. 15 at 4. The extension of time places no additional burden on the City, and in fact, gives it more time to put in place its verification process.[2]

The hypothetical questions posed by the City are easily answered:

| | |
|---|---|
| **Q.** What if the Eleventh Circuit reverses the extension of the deadline? | **A.** Then signatures collected after the original deadline will not count. |
| **Q.** What if the Eleventh Circuit reverses on severability? | **A.** Then there is no referendum because all laws enabling it have been struck down. |
| **Q.** What if the Eleventh Circuit reverses on First Amendment grounds? | **A.** Then only signatures collected by City residents within the original deadline will count. |

---

[2] City Council recently took steps to prepare for that process by introducing an ordinance to hire outside counsel to aid in signature verification. *See* Riley Bunch, *City of Atlanta prepares to verify training center referendum signatures*, AJC (Aug. 8, 2023), https://www.ajc.com/news/atlanta-news/city-of-atlanta-prepares-to-verify-training-center-referendum-signatures/YOY7PAQ6VFC65DALWMC4BA2LEM/ (last visited August 10, 2023).

The information required on the petitions[3] allows the City to determine the date the signatures were collected and the name and address of each circulator. If the need arises, there will be no issue identifying non-resident circulators and the date signatures were collected.

The City's motion also fails to contemplate the harm to Plaintiffs which would result from the grant of its motion to stay. What happens if a stay is granted, but the Eleventh Circuit affirms this Court's injunction? The original 60-day period to collect signatures ends on August 21, 2023. But under this Court's order, the deadline has been extended an additional 35 days until September 25, 2023. Under the City's proposed stay, the signature gathering will likely have to halt and then resume again later for an additional 35-day period to account for the time afforded to remedy the First Amendment violation. This start-stop-start process will create confusion for citizens, frustrate circulation efforts, and needlessly complicate what would otherwise be a straightforward process.

**d.    This Court already ruled on the issue of whether Plaintiffs have suffered an irreparable injury**

The City has not made any new argument concerning the lack of irreparable injury. It continues to overlook the fact that it has already approved a referendum

_____

[3] The City issued revised petition forms the same day of this Court order, July 27, 2023. *See* Exhibit 1.

petition and that a legal challenge to the validity of the referendum is not ripe. This Court previously rejected the City's arguments, and Plaintiffs rest on their previous arguments and the reasoning of this Court's order.

## II.   CONCLUSION

The City has not met its burden to justify a stay. For the foregoing reasons, Plaintiffs request that their motion for preliminary injunction be granted.

Submitted this 11th day of August, 2023.

**Brian Spears**
Georgia Bar No. 670112

**Jeff Filipovits**
Georgia Bar No. 825553

**Wingo Smith**
Georgia Bar No. 147896

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, GA 30030
404-905-2225
bspears@civil-rights.law
jeff@civil-rights.law
wingo@civil-rights.law

**Gerald Weber**
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
(404) 522-0507 (phone)
wgerryweber@gmail.com

7

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared in compliance with Local Rule 5.1C using 14-point Times New Roman font.

This 11th day of August, 2023.

**Jeff Filipovits**
Georgia Bar No. 825553
SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, GA 30030
404-905-2225
jeff@civil-rights.law