IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA BAKER, JACQUELINE DOUGHERTY, KEYANNA JONES, and AMELIA WELTNER<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITY OF ATLANTA and STATE OF GEORGIA,**<br><br>**Defendants.** | CIVIL ACTION FILE<br><br>NO. 1:23-CV-2999-MHC |

## ORDER

Before the Court is the Emergency Motion to Intervene and for Injunctive Relief ("Mot. to Intervene") [Doc. 36] filed by the Cop City Vote Coalition (the "Coalition"). For the reasons stated below, the Motion is **DENIED**.

Based upon the appeal of this Court's Preliminary Injunction taken on July 31, 2023, this Court lacks jurisdiction to entertain the Motion to Intervene. Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal. . . . However, it may not divest the district

court of jurisdiction over collateral matters not affecting the questions presented on appeal.").

The Coalition argues this Court has authority to consider the Motion to Intervene because the notice of appeal divests a district court only of its control over those aspects of the case involved in the appeal. Mot. to Intervene at 9 (citing Griggs v. Provident, 459 U.S. 56 (1982)). The Coalition reasons that the present Motion to Intervene involves the question of "whether Atlanta refusing to accept the Coalition's petitions solely on the basis that the Coalition turned in its signatures in reliance on this Court's earlier order places an undue burden on Atlanta resident's (and the Coalition's) First Amendment rights," whereas the appeal "concerns whether the plaintiffs, non-Atlanta residents, have a right to participate in the referendum process." Id.

The Coalition's attempt to distinguish the issues identified in the present Motion to Intervene from the issues on appeal is unavailing. The Court need look no further that the relief the Coalition seeks: an order "instructing the City of Atlanta not to refuse to process the petitions submitted on September 11, 2023 on the sole basis that they have been submitted after August 21, 2023." Mot. to Intervene at 10. This would have a direct impact on the matters on appeal, which

includes a challenge to this Court's extension of the time in which referendum petitions could be submitted to the City of Atlanta.

The Court understands that the order issued by the United States Court of Appeals for the Eleventh Circuit staying this Court's Preliminary Injunction leaves both Plaintiffs, the Coalition, and the City in a quandary with respect to whether the signatures previously obtained in reliance on the Preliminary Injunction should still be counted. But further relief in that regard from this Court cannot be obtained while the matter involving the Preliminary Injunction is still pending with the Eleventh Circuit.[1]

Although the Court denies the Emergency Motion to Intervene, it is compelled to comment upon the vacillating positions of the City of Atlanta throughout this litigation which has directly contributed to the uncertainty of the validity of the signatures previously collected in accordance with this Court's previous injunction, which has now been stayed by the Eleventh Circuit.

---

[1] Even if the Court had jurisdiction to hear the Motion to Intervene, the Court notes that the Coalition, which it represents is composed of an amorphous "group of local, statewide, and regional organizations and individuals who have sponsored the petition and led its effort to obtain sufficient signatures," has not met its burden of showing that it has an interest relating to the transaction which is the subject matter of this litigation or that its interest is not adequately represented by the existing parties. See Mot. to Intervene at 2; FED. R. CIV. P. 24(a).

3

First, in its response in opposition to Plaintiffs' Motion for a Preliminary Injunction, the City contended that no irreparable injury could be shown because the referendum petition was itself invalid under Kemp v. Claxton, 269 Ga. 173 (1998), even though this alleged invalidity had no impact upon the City's initial approval and distribution of official copies of the referendum petition to City residents to gather signatures on June 21, 2023.  See Def.'s Resp. to Mot. for Prelim. Inj. [Doc. 15] at 13-17; Compl. ¶¶ 48-49.

Second, in its Sur-Reply to the Motion for a Preliminary Injunction, the City stated that it "is not asking this Court to strike the referendum or reach the merits of its validity under Kemp v. Claxton or the Impairments Clause.  The ultimate validity of the referendum is not before the Court at this time." Def.'s Sur-Reply to Mot. for Prelim. Inj. [Doc. 24] at 2.

Third, in its Motion to Stay this Court's preliminary injunction, the City argued that, assuming that this Court is correct about the unconstitutionality of the City's prohibition on permitting non-residents to gather signatures for the referendum petition, the appropriate remedy would have been to re-start the 60-day clock for collecting signatures, which would have resulted in negating all previously gathered signatures collected, regardless of their validity.  Def.'s Mot. to Stay the Prelim. Inj. [Doc. 29] at 2.  And the City then reverted back to its initial

argument that, in any event, Kemp prohibits the City from putting the referendum on the ballot regardless of how many signatures are obtained on the petition. Id. at 4-5.

Finally, in its Motion to Stay the Preliminary Injunction filed in the United States Court of Appeals for the Eleventh Circuit, the City argued for the first time that the portion of the Court's preliminary injunction extending the time for collecting signatures was improper because "the next potential special election was always November 7," notwithstanding the fact that a special election could be conducted at other times under Georgia law. City of Atlanta's Time-Sensitive Mot. to Stay the Prelim. Inj., City of Atlanta v. Baker, No. 23-12469 (11th Cir. Aug. 21, 2023).

The City could have avoided the conundrum that now exists. On June 21, 2023, instead of approving a referendum petition it had no intention to honor regardless of the number of signatures obtained from City residents, the City could have taken the position it later espoused in this lawsuit and disapproved the petition as unauthorized under Georgia law. This likely would have resulted in a lawsuit challenging that decision and ultimately providing the Georgia Supreme Court with an appeal to determine whether Kemp is still good law or should be overruled based upon that Court's recent decision in Camden Cnty. v. Sweatt, 315

Ga. 498 (2023). But the City instead opted to approve a petition for a referendum it believed and later contended was illegal. A proverb dating back over four centuries ago once again applies here: Honesty is the Best Policy.

**IT IS SO ORDERED** this 13TH day of September, 2023.

_____
MARK H. COHEN
United States District Judge