## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LISA BAKER, JACQUELINE
DOUGHERTY, KEYANNA JONES,
and AMELIA WELTNER,

      Plaintiffs,

v.

CITY OF ATLANTA,

      Defendant.

CIVIL ACTION FILE

NO. 1:23-CV-2999-MHC

## ORDER

The dispute which led to this litigation began when citizens of unincorporated DeKalb County wanted to gather signatures to support a proposed referendum to repeal the City of Atlanta ordinance that authorized the construction of a Public Safety Training Center in unincorporated DeKalb County. Because the City of Atlanta Municipal Code requires petition signature gatherers to be residents of the City, these DeKalb County residents were unable to do so.

On July 6, 2023, Plaintiffs, residents of unincorporated DeKalb County, filed their Verified Complaint seeking to have this Court declare the residency requirement in Atlanta Municipal Code § 66-37(b) to be unconstitutional and enter an injunction requiring the City to issue new copies of the referendum petition so

that both residents and non-residents can gather signatures [Doc. 1]. Upon finding that Plaintiffs were likely to succeed on the merits of their constitutional challenge to the residency restriction for signature gatherers contained in Atlanta Municipal Code § 66-37(b), that Plaintiffs would suffer irreparable injury in the absence of an injunction, and that the balance of equities and the public interest favored an injunction, this Court granted Plaintiffs' Motion for Preliminary Injunction on July 27, 2023, and enjoined the City from enforcing the portion of Atlanta Municipal Code § 66-37(b) that requires persons collecting signatures to be City residents [Doc. 26]. The Court also directed the City to issue an amended copy of the referendum petition to remove the residency requirement for signature gatherers and for the statutory period for the collection of signatures to restart. Id.

The City promptly filed a Notice of Appeal of this Court's Preliminary Injunction Order [Doc. 28] and this Court denied the City's request to stay that Order [Doc. 34]. However, on September 1, 2023, the United States Court of Appeals for the Eleventh Circuit granted the City's motion to stay this Court's preliminary injunction. Baker v. City of Atlanta, No. 23-12469 (11th Cir. Sept 1, 2023). Construction proceeded on the Public Safety Training Center, which was opened on April 29, 2025. See https://www.youtube.com/watch?v=vU1dNv1iQ0Y (last visited Mar. 13, 2026).

On January 9, 2026, the United States Court of Appeals for the Eleventh Circuit issued a decision vacating this Court's preliminary injunction and remanding the case for further proceedings.  Baker v. City of Atlanta, 164 F.4th 850 (11th Cir. 2026).  The Eleventh Circuit found that Plaintiffs had Article III standing to bring their action.  Id. at 861-64.  But the appellate court issued two rulings that raise the question of what further relief, if any, can be sought by Plaintiffs in this case.

First, the Eleventh Circuit disagreed with the City's position that the case "is now moot because construction of the facility is substantially complete" and found that there is still "meaningful relief available to [Plaintiffs]." Id. at 860.  What is that relief?  The Eleventh Circuit says that Plaintiffs "could collect enough signatures to send their referendum petition to the ballot and to seek repeal of the leasing ordinance." Id.  However, the appellate court then held, assuming arguendo that Plaintiff showed a substantial likelihood of success on the merits of their lawsuit (that the residency requirement for signature gatherers is unconstitutional), injunctive relief is not available to Plaintiffs for the following reason:

> As applied to the present case, Kemp [v. City of Claxton, 269 Ga 173, 496 S.E.2d 712 (1998)] forecloses the use of a referendum petition under O.C.G.A. § 36-35-3(b)(2)—and by necessary extension Atlanta's local ordinance § 66-37(b)—to repeal the leasing ordinance, because

3

that ordinance does not affect the City's charter. In other words, the plaintiffs and the coalition sponsoring the petition cannot use the referendum process to repeal a local ordinance. Kemp, 496 S.E.2d at 716. And because no petition for referendum can lie to repeal a local ordinance, the plaintiffs necessarily will not suffer any irreparable harm from being denied the right to gather petitions for a referendum process that is unavailable to them as a matter of state law. In sum, contrary to the dissent's position, because Georgia never granted the plaintiffs a referendum or repeal process for city ordinances in the first place, they cannot be irreparably harmed from being denied the ability to participate in an unavailable process. Thus, they cannot satisfy the irreparable injury requirement for obtaining an injunction.

Baker, 164 F.4th at 866–67 (footnotes omitted).

So, on the one hand, the Eleventh Circuit says the case is not moot notwithstanding the now-completed construction of the Public Safety Training Center because Plaintiffs "could collect enough signatures to send their referendum petition to the ballot and to seek repeal of the leasing ordinance." Id. at 860. On the other hand, the Eleventh Circuit says that Kemp, which is still controlling precedent despite its being "called into question by the Supreme Court of Georgia's recent decision in Camden Cnty. v. Sweatt, 315 Ga. 498, 883 S.E.2d 827 (2023)," forecloses Plaintiffs from "the use of a referendum petition . . . to repeal the leasing ordinance, because that ordinance does not affect the City's charter." Id. at 865-66. This leaves this Court in a quandary as to what "further proceedings" can or should be conducted in this case. Baker, 164 F.4th at 867.

4

Therefore, it is hereby **ORDERED** that counsel for the parties appear at a status conference on April 1, 2026, at 10:00 A.M. in Courtroom 1905, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia.  Counsel should be prepared to discuss the issue presented in this Order and any other issues concerning the continued viability of this litigation.

**IT IS SO ORDERED** this 16th day of March, 2026.

_____
MARK H. COHEN
United States District Judge