IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA BAKER, | ) | |
| JACQUELINE DOUGHERTY, | ) | |
| KEYANNA JONES, | ) | |
| AMELIA WELTNER | ) | Case no.: |
| | ) | |
| Plaintiffs, | ) | 1:23-cv-2999-MHC |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs are residents of DeKalb County, Georgia, who supported a referendum to repeal the lease and construction of the Atlanta training center known as "Cop City." As part of that support, Plaintiffs sought to circulate petitions and gather signatures for the referendum. In the first weeks after the City approved the referendum for circulation, Atlanta Municipal Code § 66-37(b), barred Plaintiffs from directly collecting signatures in support of the referendum because they were not residents of the City of Atlanta. Plaintiffs' proposed amended complaint seeks damages and other retrospective relief for the City's violation of their First Amendment rights.

"[L]eave to amend a pleading should be freely given when justice so requires." *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad

Page 1 of 3

enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A substantial reason to deny leave generally requires a showing of undue delay, undue prejudice to defendants, or the futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule permitting free leave to amend is intended to promote a determination on the claims' merits. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984).

Here, the Plaintiffs' amendment seeks to change the relief requested by the Plaintiffs from prospective to retrospective relief. Some damages are considered part of the Plaintiffs' claims already. *See* Fed. R. Civ. P. 54(c) (final judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); *Uzuegbunam v. Preczewski*, 592 U.S. 279, 290 (2021) (citation omitted) (describing nominal damages as "the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages."). The proposed amended complaint clarifies those damages Plaintiffs seek in addition to nominal damages and their request for retrospective declaratory relief, now that prospective relief is no longer available. The proposed amended complaint also incorporates the subsequent history of this litigation after the filing of the original complaint, and contains factual allegations concerning Plaintiffs' efforts to collect signatures in support of the referendum.

Plaintiffs have attached a copy of their proposed amended complaint as to this motion. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'").

For the reasons described above, the Plaintiffs ask this Court to grant them leave to file their First Amended Complaint.

Submitted on July 29, 2026.

**Jeff Filipovits**
Georgia Bar No. 825553
jeff@civil-rights.law

**Wingo F. Smith**
Georgia Bar No. 147896
wingo@civil-rights.law

FILIPOVITS & SMITH, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225

**Gerald Weber**
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
404-522-0507
wgerryweber@gmail.com